IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ADVANTAGE POLYMERS, INC.,    )
d/b/a API RESINS,    )
    )
    Plaintiff,    )
    )
    vs.    )    No. CIV-09-246-C
    )
KIMBERLEY MFG. COMPANY,    )
    )
    Defendant.    )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Advantage Polymers, Inc., doing business as API Resins ("API"), filed the
present action alleging that Defendant Kimberley Mfg. Company ("Kimberley") breached
a contract to purchase plastic resins. API is in the business of brokering plastics, including
plastic resins. API purchases raw plastic materials, known as resins, for resale and
distribution to end users such as Kimberley. API does not maintain an inventory of raw
materials; rather, it purchases and takes delivery of the materials only after contracting for
their resale and distribution.

Beginning in April 2008, Kimberley purchased a railroad car of resins from API, and
also purchased three individual truckloads of resins. On October 17, 2008, Kimberley
contacted API and agreed to purchase a second entire rail car of plastic resins at a price of
75 cents per pound. On October 22, 2008, Kimberley contacted API seeking to cancel that
order. In response, API agreed to reduce its price from 75 cents per pound to 71 cents per
pound. Kimberley agreed to purchase the entire rail car at that price. API obtained the rail
car of resins and made the materials available for delivery to Kimberley. Kimberley refused

to take delivery of or otherwise pay for the rail car at the 71 cents per pound price. Rather, Kimberley purchased resins from other suppliers for prices less than 71 cents per pound. Kimberley requested that API attempt to sell the materials to other users. API was unable to sell the majority of the resins at a price of 71 cents per pound or more and instead sold the resins at a substantially lower price. API asserts that, as a result of Kimberley's breach of contract, it was damaged in the amount of $52,307.34 plus the attorneys' fees and costs incurred in this action. That amount breaks down to $38,408 in lost revenue, $5,044.95 in additional freight costs, $404.39 in additional packaging costs, $8,150 in additional costs for demurrage, and $300 in additional costs for warehousing. Arguing that these facts are undisputed, API filed the present motion requesting the Court enter judgment in its favor on its claims for breach of contract and award damages as outlined above. Kimberley objects to API's motion, arguing there are questions of material fact in dispute.[*]

Kimberley fails to offer any evidence which in any way refutes the grounds set forth by API demonstrating entitlement to relief. Rather, Kimberley relies on the argument of counsel and an affidavit which borders on being a sham affidavit. On this basis alone, API

---

[*] The Court's consideration of this dispute has been hampered by Kimberley's failure to follow Local Civil Rule 56.1(c). That Rule requires a brief in opposition to a motion for summary judgment to "refer with particularity to those portions of the record upon which the opposing party relies and, if applicable, shall state the number of the movant's facts that is disputed. All material facts set forth in the statement of the material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party." Kimberley failed to identify with particularity which of API's facts are in dispute. Accordingly, the Court will consider all well-supported facts from API as admitted.

is entitled to judgment, as its motion is well supported factually and legally. Nevertheless, the Court will consider the arguments raised by Kimberley.

Kimberley's basis for disputing API's request for judgment on the issue of liability is set forth in a single argument. According to Kimberley, there was no "meeting of the minds" on the relevant and necessary terms of the alleged purchase agreement. Kimberley argues that under Oklahoma law it is a question for the jury whether or not the parties had a meeting of minds on material terms of an agreement. Here, Kimberley asserts, there was no agreement regarding the time of delivery for the product to Kimberley. Kimberley's argument is not well taken. Oklahoma law clearly provides that the parties' prior dealings may be used to establish the extent of their agreement in the form of an implied contract. See Simpson Properties, Inc. v. Oexco, Inc., 1996 OK CIV APP 36, ¶ 7, 916 P.2d 853, 856:

> "An 'implied contract' is a contract implied in fact, or, in the proper sense, one which arises where the intention of the parties is not expressed, but an agreement in fact, creating an obligation, is implied or presumed from their acts, or where there are circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intent to contract."

(quoting Ray F. Fischer Co. v. Loeffler-Green Supply Co., 1955 OK 234, ¶ 0, 289 P.2d 139, 140.) Here, the undisputed facts demonstrate that in previous transactions Kimberley had ordered a car of resins and then accepted those resins in various installments, typically about a month apart. Each installment was paid for at the time of delivery. Given this prior conduct, it was reasonable for API to expect similar performance by Kimberley in this case, thereby supplying the allegedly missing portions of the contract. See Cameron Coal &

Mercantile Co. v. Universal Metal Co., 1910 OK 195, ¶ 0 110 P. 720 ("Where the contract specifies no time for delivery of the goods ordered, the law implies a delivery thereof within a reasonable time . . . ."). Rather than perform in accordance with this course of dealing, Kimberley asked to cancel the order shortly after the rail car at issue here was ordered, then agreed to accept it on reduced price terms. After the rail car was received by API, Kimberley refused to accept any delivery and requested that API sell the resins to other customers. Further, Kimberley refused to accept any portion of the resins from the rail car during the four and a half months between agreeing to purchase from API on October 22, 2008, and the filing of this action on March 4, 2009. Moreover, during this period, Kimberley accepted delivery of and paid for five truckloads of resins from other suppliers. Thus, contrary to Kimberley's argument, the time and manner of delivery was agreed to by the parties. Based on this prior conduct, API gave Kimberley a reasonable amount of time to perform its obligations under the contract. Kimberley's failure to so perform entitles API to judgment for breach of contract.

Kimberley's complaints of API's sale of portions of the rail car load to others as evidence of lack of agreement between the parties are disingenuous, at best. Indeed, API's actions are proper actions of mitigation taken on its behalf.

Kimberley's remaining arguments challenge the amount of damages to which API claims entitlement. However, Kimberley has failed to support its argument with any factual evidence. As Rule 56(c)(2) makes clear, when a motion for summary judgment is properly made and supported, the opposing party must respond with more than allegations or denials.

There must be some evidentiary basis to support those arguments. Here, API has provided affidavit and documentary support demonstrating the basis for the damages asserted and why those damages were incurred as a result of Kimberley's breach. The Court notes that API candidly admits in its reply brief that it had in fact sold 46,940 pounds of plastic resins for 75 cents per pound, which was an amount of four cents per pound more than those resins could have been sold to Kimberley. Kimberley argues this amount must be credited to it and reduced from the damages sought by API. Kimberley's argument is unavailing. In calculating the amount of loss caused by Kimberley's breach, API does not request any compensation for the resins sold in the transaction at issue. The spreadsheet outlining API's damages reflects that Kimberley has received full benefit from API's sale of these resins. The fact that API was able to reach a profit in excess of that anticipated from the agreement with Kimberley cannot work to Kimberley's benefit. API has demonstrated, and Kimberley has failed to refute, that API incurred additional costs over and above those that would have been incurred had Kimberley honored its agreement. API will be permitted to recover those additional costs. Accordingly, there is no need for additional reduction as argued by Kimberley.

API asserts it is entitled to recover its attorneys' fees as permitted by 12 Okla. Stat. § 936 as the contract in dispute involved the sale of goods. Kimberley does not address this portion of API's motion. Upon review of API's argument and the controlling law, the Court finds API is entitled to recover its attorneys' fees under § 936. API shall file an appropriate motion as required by the Federal and Local Rules and controlling law.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (Dkt. No. 18) is GRANTED.  Judgment will be entered in favor of Plaintiff and against Kimberley once attorneys' fees are determined.

IT IS SO ORDERED this 26th day of January, 2010.


ROBIN J. CAUTHRON
United States District Judge